# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY C. KRUG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-476-HE |
| ) | |
| WARDEN KASTNER ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis,* brings this *Bivens*[1] civil rights action alleging a violation of his Eighth Amendment right to be free of cruel and unusual punishment. This matter has been referred to the undersigned magistrate judge for preliminary review and preparation and submission of proposed findings and recommendations as to dispositive matters as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Because Plaintiff has failed to state a claim upon which relief may be granted, this action should be summarily **DISMISSED.**

## I.  BACKGROUND

This case arises from Plaintiff's 26-day stay at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma. Plaintiff was incarcerated at FTC from August 28, 2014, through September 22, 2014. (ECF No. 1:1).

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1999). A *Bivens* action is the federal analog to a § 1983 suit creating a private action for damages against federal officers who violate certain constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

According to his Complaint, Plaintiff's FTC cell was cold. Plaintiff attributes the late August chill in his cell to the air conditioning, which according to Plaintiff, unspecified prison officials had left running long after air conditioning was no longer needed. (ECF 1:2). Plaintiff does not know what the actual temperature was, but he estimates it was only 50° F in his cell. (ECF No. 1:2).

Plaintiff could not sleep at FTC because he was cold. According to Plaintiff, the air conditioning vent in his cell was directly over his bunk, and because he only had one blanket and one t-shirt, he was unable to sleep more than one hour each night. (ECF No. 1:2-3). According to Plaintiff, he and numerous other inmates at FTC requested sweaters or jackets to wear inside FTC, but their requests were refused. (ECF No. 1:5). Plaintiff contends his cold cell constituted cruel and unusual punishment in violation of the Eighth Amendment.

## II. SCREENING REQUIREMENT

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Although the Court construes a *pro se* litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, procedural rules

require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (internal citations and quotations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.* at 679.

### III. ANALYSIS

To state an Eighth Amendment claim based on inhumane conditions of confinement, a plaintiff must allege sufficient facts to establish the defendant prison official was deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511

3

U.S. 825, 834 (1994). The test for deliberate indifference to an inmate's health and safety has an objective component and a subjective component. *Id.* To satisfy the objective component, the plaintiff must demonstrate "the denial of the minimal civilized measure of life's necessities." *Id*. To satisfy the subjective component, the official must have acted with a sufficiently culpable state of mind, namely "deliberate indifference to inmate health or safety." *Id.* With regard to this second requirement, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The Eighth Amendment does not require comfortable prisons. *See Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). Still, prison officials must provide "'the minimal civilized measure of life's necessities'" based upon contemporary standards. *Id.* at 1310 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To prove an unconstitutional deprivation, "a prisoner must show that conditions were more than uncomfortable, and indeed rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834). Whether there is a substantial risk of serious harm depends on "the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered." *Id.* at 974 (quotation marks and citations omitted). "[T]he length of exposure to the conditions is often of prime importance." *Id.*

The subjective component of an Eighth Amendment conditions of confinement claim is not satisfied "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

An allegation of inadequate heating may amount to a constitutional violation. *See Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980). But a court must consider the severity of the temperature and its duration, among other factors. *See Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997). In *Dixon*, the plaintiff endured cold temperatures averaging 40 degrees, but often falling below zero, for four consecutive winters. *Id.* at 643. The facts as alleged by Plaintiff in this case, that he was cold because of air conditioning in the prison, do not rise to the level of conditions posing an excessive risk to inmate health or safety.

Moreover, even if Plaintiff's allegations were sufficiently serious to satisfy the objective component of the test for deliberate indifference, Plaintiff has failed to allege sufficient facts to demonstrate that the unspecified prison official or officials responsible for the heating and cooling of FTC acted with the necessary subjective state of mind. In fact, Plaintiff alleges one or more prison officials told him the temperature had been excessively hot in FTC two weeks before. (ECF No. 1:2). Plaintiff contends this statement is irrelevant, but the statement could be construed as an indication that prison officials were attempting to adjust the temperature to an optimum level.

Finally, Plaintiff has named only one defendant—the warden at FTC. But Plaintiff has alleged no facts to support a conclusion that the warden was personally responsible for keeping the air conditioner on when it was not needed or that he refused to supply sweaters and jackets to the inmates. It is well established that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because Plaintiff has failed to state a claim upon which relief may be granted, it is recommended that Plaintiff's complaint be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that Plaintiff's action be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

## RECOMMENDATION

It is recommended that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. It is further recommended that this action be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 22, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on October 5, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE