# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY C. KRUG, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-0476-HE |
| ) | |
| WARDEN KASTNER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Gregory C. Krug, appearing *pro se* and *in forma pauperis,* filed this <u>Bivens</u>[1] action claiming his conditions of confinement, while incarcerated at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma, violated his Eighth Amendment rights. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin. He has recommended that the action be dismissed upon filing due to plaintiff's failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The magistrate judge concluded that plaintiff's allegations that he was cold during his 26 day stay at the FTC "because of air conditioning in the prison, do not rise to the level of conditions posing an excessive risk to inmate health or safety."[2] Doc. #13, p. 5. Even if

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] <u>Kikumura v. Osagie</u>, 461 F.3d 1269, 1291 (10th Cir.2006) ("The test for a 'deliberate indifference' claim under the Eighth Amendment has both an objective and a subjective component. The objective component of the test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.") (internal quotation marks omitted), overruled on other grounds by <u>Robbins v. Oklahoma</u>, 519 F.3d 1242

plaintiff's allegations sufficed to satisfy the objective component of an Eighth Amendment deliberate indifference claim, the magistrate judge determined that plaintiff did not allege sufficient facts to demonstrate that the prison personnel responsible for the temperatures at the FTC possessed the required culpable subjective mental state. He also noted that plaintiff had only sued the warden at the FTC, but had not alleged that he was personally responsible for keeping the air conditioner on or had refused to supply sweaters and jackets to the inmates. *See* Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")

Plaintiff has objected to the Report and Recommendation, challenging the magistrate judge's conclusion that his allegations failed to satisfy either component of an Eighth Amendment deliberate indifference claim. With respect to the subjective component, plaintiff asserts that "the issuance of Exhibit 'B' to the Complaint gave the Warden notice of this problem." Doc. #17, p. 3. However, the complaint does not include an Exhibit B.[3] *See* Doc. #1. The court assumes plaintiff is referring to the exhibit (Exhibit A) attached to his Objection, which he asserts is Item 8 of his Standard Form 95. In it he states that he had informed Warden Kastner that he should "'issue either sweaters or jackets to those inmates who request either of those items [because] you constantly maintain this facilities' [sic]

---

*(10th Cir.2008).*

[3]*There is an Exhibit 1 attached to the complaint, but it is a letter pertaining to in forma pauperis status and service on the defendant.*

temperature below 68 degrees*F.'" Doc. #17-1.  Even if this exhibit had been attached to the complaint, the court concludes it would not have been sufficient to demonstrate (and thus support a claim) that the warden knew of and disregarded an excessive risk to inmate health or safety.

The court is not persuaded by plaintiff's other argument in his objection – essentially that the warden had to have been involved in any decisions regarding the temperature in the prison cells because "HVAC is such a large expenditure of any prison." Doc. #17, p. 6.  It therefore agrees with the magistrate judge that plaintiff has failed to allege sufficient facts to state a claim for a violation of his Eighth Amendment rights.

Accordingly, the court **ADOPTS** Magistrate Judge Erwin's Report and Recommendation insofar as it recommends dismissal of the case.[4]  This case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 19th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[4]*The magistrate judge recommended that the action be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).  The court concludes a strike is not warranted under these circumstances.*